**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Wassef, husband, et al., | No. CV-12-02480-PHX-DGC |
| Plaintiffs, | |
| v. | **ORDER** |
| JPMorgan Chase Bank, N.A.; U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-CH2, Asset Backed Pass-Through Certificates, Series 2006-CH2, | |
| Defendants. | |

Plaintiffs Michael and Angela Wassef filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), or for relief from judgment pursuant to Rule 60(b). Doc. 24. Plaintiffs seek the reinstatement of their claims for (1) breach of contract and breach of implied covenant of good faith and fair dealing, (2) specific performance and equitable reformation, and (3) declaratory judgment against Chase Bank, N.A. ("Chase") and U.S. Bank National Association as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-CH2, Asset Backed Pass-Through Certificates, Series 2006-CH2 ("U.S. Bank"). For the reasons that follow, the Court will deny the motion.

**I.   Background.**

Plaintiffs allege that on March 12, 2012, they entered into a repayment plan ("Repayment Agreement") with Chase to pay arrearages on their delinquent mortgage. Amended Complaint ¶¶ 11-13. In exchange, Chase agreed not to take legal action and to

proceed as if no default had occurred. *Id.*, ¶ 12. Plaintiffs allege that they made the payments required by the Repayment Agreement, but that Chase rejected them. *Id.*, ¶¶ 14-18. Chase later informed Plaintiffs that it was canceling the Repayment Agreement. *Id.*, ¶ 24. Plaintiffs filed an Amended Complaint alleging the three claims they seek to have reinstated, among others. *Id.*, ¶¶ 28-75.

Defendants filed a motion to dismiss the Amended Complaint for failure to state a claim. Doc. 7. Defendants argued that the Repayment Agreement was not a valid contract because it lacked consideration. Doc. 7 at 5-6. The Court agreed, and ruled that Plaintiffs' preexisting duty to pay arrearages could not constitute valid consideration. Doc. 22 at 4. Plaintiffs argued in their opposition to the motion to dismiss that consideration was valid on two other grounds. Doc. 15 at 4-5. First, Plaintiffs claimed that the express language of the agreement acknowledged valid consideration. *Id.* at 4. The Court found that the language did not indicate valid consideration because it did not impose obligations in addition to those already owed by Plaintiffs. Doc. 22 at 4-5. Second, Plaintiffs argued that consideration was valid because, under the Repayment Agreement, Chase had more rights than it would have had through foreclosure. Doc. 15 at 4-5. The Court rejected this argument as well because Chase had not yet initiated foreclosure; thus, Plaintiffs had not forfeited any rights and they remained contractually obligated to cure their default. Doc. 22 at 5. The Court dismissed all Plaintiffs' claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 22 at 13.

**II.    Legal Standard.**

The Court has discretion to reconsider and vacate its order granting dismissal. *See Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the Court to rethink its analysis. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the*

*Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E. D. Va. 1983)).

Any motion to alter or amend judgment pursuant to Rule 59(e) must "be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). A judgment may not properly be reopened under Rule 59 "'absent highly unusual circumstances[.]'" *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted). The Court may do so only if (1) it is presented with newly discovered evidence, (2) it committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "This requirement is a high hurdle … to meet." *Weeks*, 246 F.3d at 1236.

The Court may grant a motion for relief from judgment pursuant to Rule 60(b) only "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* at 1263; *see* Fed. R. Civ. P. 60(b); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (stating that party must show "extraordinary circumstances" to obtain relief under Rule 60(b)(6)).

**III.   Analysis.**

Plaintiffs base their claims for relief under Rules 59(e) and 60(b) on clear error. Plaintiffs allege that the Court committed two clear errors. First, Plaintiffs claim the Court erred in finding that the Repayment Agreement was not a valid contract for failure of consideration. Second, Plaintiffs claim the Court erred in denying them an opportunity to amend their complaint. Clear error is an exacting standard that requires a clear conviction of error. *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 218, 220 (D. Ariz. 2012). The movant must show "wholesale disregard, misapplication, or failure to recognize" controlling law. *Id.*

**A.   Count 1:  Lack of Consideration.**

In response to Plaintiffs' motion, the Court conducted further research regarding

the validity of consideration for the Repayment Agreement. The Court was unable to find any authority to support an argument that the mere restructuring of preexisting contractual payments is valid consideration in Arizona. Restructuring a preexisting financial agreement in a manner that provides all of the benefit to one party and all of the detriment to the other is not a valid contract. *See K-Line Builders, Inc. v. First Federal Sav. & Loan Ass'n*, 677 P.2d 1317, 1321 (Ariz. Ct. App. 1983) (holding that there was no consideration for an agreement that raised the interest rate in an existing lending contract). Valid consideration requires that there be a mutuality of obligations, and mutuality fails where only one party is obligated to perform. *See Carroll v. Lee*, 712 P.2d 923, 926 (Ariz. 1986). Just as the revision in *K-Line* lacked consideration because one party bore the entire burden and the other reaped the entire benefit, the Repayment Agreement lacks consideration because Chase is the only party burdened. Chase received a less advantageous payment schedule and Plaintiffs received the benefit of restructured payments. Consideration fails because there is no mutuality of obligations.

Plaintiffs argue that the Court's reasoning overlooks A.R.S. § 44-121, which says that "every contract in writing imports a consideration." Doc. 24 at 3; *see also* A.R.S. § 44-121. Plaintiffs argue that this statute confirms that the written Repayment Agreement included valid consideration. *Id.* at 3-4.

This is a new argument that should have been raised in Plaintiffs' original briefs. Plaintiffs cannot raise it for the first time in a motion for reconsideration.

In addition, this new argument does not change the outcome of the motion to dismiss. Section 44-121 creates a presumption of consideration, with the burden of proof on the party claiming a lack of consideration. *Bank of the West, Inc. v. Organic Grain & Milling, Inc.*, No. CV-08-2220-PHX-FJM, 2010 WL 995459, at *1 (D. Ariz. Mar. 2010); *see also Dunlap v. Fort Mohave Farms, Inc.*, 363 P.2d 194, 198 (Ariz. 1961). The Court honored that presumption by taking all allegations of the Amended Complaint as true. Defendants then carried their burden of showing that the Repayment Agreement lacked valid consideration. Defendants successfully rebutted the presumption of consideration

imported in written agreements.

Plaintiffs claim that the presumption established by § 44-121, coupled with the language of the Repayment Agreement – "in consideration of the Recitals above, the mutual promises contained herein" – creates a question of fact to be resolved at trial. The Court disagrees. Affirmative defenses may properly be considered on a motion to dismiss if the allegations in the complaint suffice to establish the defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007). The complaint was sufficient to establish a failure of consideration. It alleged that in exchange for withholding legal action, Chase would accept the "monthly payment of $4,562.89 due under the Modification Agreement" plus "payment of arrearages due under the Modification Agreement." Amended Complaint ¶¶ 11-13. The Amended Compliant establishes that Plaintiffs' promise to Chase in the Repayment Agreement, including the payment of arrearages, was a preexisting legal obligation and therefore failed as consideration. Plaintiffs have not shown clear error.

### B. Count Two: Opportunity to Amend the Complaint.

Plaintiffs claim that they expressly requested permission to cure pleading deficiencies through amendment, and that it was clear error to deny them that opportunity. Doc. 24 at 4. Chase argues that amendment was futile because Plaintiffs failed, both in opposition to the motion to dismiss and in the pending motion, to show that amending the complaint could cure the defects. Doc. 25 at 5. The Court agrees.

Leave to amend a complaint should be freely given when justice requires. *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir. 1983) (holding that a proposed amendment would not affect the outcome of the lawsuit). Futile amendments should not be permitted. *Id.* The decision to allow leave to amend is at the Court's discretion. *Id.* Denying leave to amend without a justifying reason is an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs argue that leave to amend should have been granted unless it appeared beyond doubt that no set of facts could be proved that would entitle them to relief. Doc. 24 at 4; *see also DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 188 (9th Cir.

1987) (finding that the district court erred in denying leave to amend without giving any explanation of the reason). The Court concluded and concludes again, however, that Plaintiffs could not cure the defects in the Amended Complaint. Chase argued in the motion to dismiss that the Repayment Agreement was not a valid contract for lack of consideration. Doc. 7 at 5. In response, Plaintiffs failed to present the Court with any facts that would support their claim that consideration for the contract was valid. Doc. 22 at 4-5, 12-13. Although Plaintiffs argue that the Court should have granted them leave to amend, they still do not make any showing that they could cure the defects through amendment. Doc. 24 at 4. Nor have they provided any evidence in their documents supporting reconsideration that supports the finding of valid consideration. As in *Klamath-Lake*, Plaintiffs did not propose an amendment that would alter the outcome of the case. Unlike *DCD Programs*, the Court had a valid reason for denying leave to amend, and gave an explanation of that reason in the order dismissing the Amended Complaint. Doc. 22 at 12-13. Because Plaintiffs' proposed amendment was futile, the Court did not commit clear error in denying leave to amend the complaint.

**IT IS ORDERED:**

1. Plaintiffs' motion to alter or amend judgment (Doc. 24) is **denied**.
2. The Clerk is directed to **terminate** this matter.

Dated this 13th day of June, 2013.

_David G. Campbell_
David G. Campbell
United States District Judge